Curia, per

Frost, J.
A release to a drawee who has not accepted a bill, is inoperative, for there is no liability or cause'of action, to be discharged. It is conceded that a release to a drawee, who has accepted, discharges the drawer. An acceptance may be verbal, or in writing on the bill itself, or on another paper, as by a letter undertaking to accept a bill already drawn, or by a like verbal engagement, communicated to third persons, who, on the credit of it, advance money on the bill. The drawee can become a party to a bill only by accepting it in one of these modes. An undertaking to pay a bill by either, is an acceptance, and should be declared on, generally, as such; Clark vs. Cock, 4 East. 67. If the defendants meant to rely on such an engagement by Taylor to pay the bills, it should have been alleged that he had accepted them. The plea would then have been good. If the plaintiffs, intending to sue Taylor, as acceptor of the bills, should allege that Robertson & Company had authority from the said Taylor to draw the said bills on him, and that said “Taylor was bound in law, to accept and pay the said bills,” it would be clearly demurrable, for not setting out a sufficient cause of action. Chitty on bills, 10 Am. Ed. 569. This is the cause of action which the plea alleges the plaintiffs had against Taylor “by reason of these bills.” The release of it is relied on to discharge the drawee. The plea then amounts only to this, that the .plaintiffs released all claim against the drawee, who, it is not alleged had accepted, The allegation that Taylor was bound in law to accept the bills, implies, necessarily, that he had not, in fact accepted them. The plaintiffs had no cause of action against Taylor, and the release remitted nothing. The plea is therefore insufficient to bar the plaintiffs’s action, and judgment should have been for the demurrer. The motion is granted.
O’Neall, Evans, Butler, and Wardlaw, JJ. concurred.